UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDDIE VAN OLIVER, III,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,

    *Defendants*.

Civil Action No. 25 - 4063 (UNA)

## MEMORANDUM OPINION

This matter is before the court on Plaintiff Eddie Van Oliver, III's application to proceed *in forma pauperis*, ECF No. 2, and pro se complaint, ECF No. 1. For the reasons explained below, the court will grant the application and dismiss the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the court cannot exercise subject-matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))); *see Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it 'is "patently

insubstantial," presenting no federal question suitable for decision.'" (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994))). Under 28 U.S.C. § 1915, a court must dismiss a case "at any time if the court determines that . . . the action or appeal . . . is frivolous." Accordingly, the court is obligated to dismiss a complaint as frivolous when, as here, "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

Mr. Van Oliver's complaint contains incoherent and nonsensical allegations. For example, he states, "Confederate flag stole a Marine and need to get her back to the marine core so she can work under the President of the United States of America. Illegal civil war drone by confederacy instigating China[']s Covid-19." ECF No. 1, at 4. Mr. Van Oliver further alleges that there are "seve[ra]l people in [his] nuero stream as well as a boweling alley with kkk license plates." *Id.* As relief, he requests that "Kim Yarboro . . . get back to work at United States Marine Core Systems Command" or "be escorted back to Ohio if she cannot work [there]," a "National Foot League antitrust violation remedy of $100,000,000," and "Loft Apartments Confederate gorilla meeting $50,000 remedy." *Id.* And it is unclear how the attachments to Mr. Van Oliver's complaint—such as emails from Harvard Business School, court documents from other jurisdictions, bank records, news articles, and photographs, *see* ECF No. 1-1, at 3-139—relate to his suit. These claims thus lack an arguable basis in law or fact. *See Neitzke*, 490 U.S. at 325.

Accordingly, the court will grant Mr. Van Oliver's application to proceed *in forma pauperis*, ECF No. 2, and dismiss the complaint without prejudice, ECF No. 1. A contemporaneous order will issue.

LOREN L. ALIKHAN
United States District Judge

Date: February 10, 2026